IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JAMES EDWARD COX                                                                          PLAINTIFF

v.                              Civil No.    5:23-cv-05217-TLB-MEF

CORPORAL DRUMWRIGHT;
LIEUTENANT ATCHLEY; and                                                              DEFENDANTS
MAIL LOG DEPUTY JOHN DOE

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, James Edward Cox, currently an inmate of the Washington County Detention Center, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court must screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**I.    BACKGROUND**

Plaintiff filed his original Complaint and Motion for Leave to Proceed *in forma pauperis* ("IFP") on November 29, 2023. (ECF Nos. 1, 2). The Court granted Plaintiff IFP status on the same date. (ECF No. 3). At all times relevant to the claims in this matter, Plaintiff was a convicted inmate at Washington County Detention Center ("WCDC") in Fayetteville, Arkansas. In his Complaint, Plaintiff alleges two claims against three defendants: Corporal Drumwright,

1

Lieutenant Atchley, and Mail Log Deputy John Doe.

In Claim One, Plaintiff claims his mail to the ACLU was tampered with on August 24, 2023, August 29, 2023, and August 30, 2023. (ECF No. 1, p. 4). Specifically, Plaintiff alleges:

> On 8-24-23 I put a letter addressed from myself to the ACLU, by the APod control door to go out (later being told by the Detention investigator it was picked up … by an officer and tracked on camera). It never went out . . . At the time I placed a request on the kiosk regarding my own letter. This inquiry done on 8-29-23 at 2:53 pm. It stated "I sent out a letter to the ACLU last week, and wanted to make sure it went out." It was replied from Lt. Atchley on 8-30-23 at 4:28 AM and He stated "I answered this on the other request. Im waiting on your response now." I had not previously inquired so I was confused to his reply. He obviously had a different matter about mail from another detainee, and put no time into my inquiry. So At 5:36 AM on 8-30-23 I placed another request on the kiosk. It stated "I was answered a request about a letter I sent out to the ACLU, and the reply made no sense. I had not sent a request before. I would like to know if my letter went out to the ACLU. I sent it last week on Wednesday." Then I got a reply on 8-30-23 At 12:37 from the Detention Investigator . . . There was no way of being certain it went out by anything I was told at that point. So I mailed another letter, handing it to an Officer McFeeters, and asking Sgt. Pineda to verify that letter. Doing this to be certain the second letter went out. I am fairly certain only one went out. I only received one reply. My legal mail was clearly tampered with.

(ECF No. 1, pp. 4-5) (errors in original). Plaintiff alleges Claim One against Defendant Atchley and Mail Log Officer Doe in their official capacities only. *Id.*

In Claim Two, Plaintiff alleges all three Defendants violated his "right to mail service" and tampered with his mail again on September 7, 2023, September 12, 2023, September 13, 2023, and September 15, 2023. (ECF No. 1, p. 6). Specifically, Plaintiff alleges:

> On 9-7-23 I had legal mail incoming (logged in the email log by mail officer) It was addressed to myself from the US district court. When it was passed out in A3 pod (where I was housed) I was not present due to being trusty, and working in BPod. The evening of it being passed out, another trusty informed me that I was called to receive it, so I went to the floor officer to ask about it. I was told it be given to me soon. I never got it. On 9-12-23 at or around 5:45 AM legal mail was being passed again in A3 pod. Only one name was called. SO I asked about my legal mail for myself. Corporal Drumwright told me there was some in the control pod upstairs from days before. I then asked if he would get it. He stated "I aint going to get shit." He was clearly refusing my legal mail as well as to do his job. I wrote a request on the kiosk at 5:53 AM on 9-12-23. It said "I sent for a 1983 form and was it logged as outgoing in the mail log." It was replied to on 9-12-23

2

> at 10:17 from Sgt. Whelchel replied that "Last Legal mail incoming was 9-7-23 . . . district court. It was from the Federal Court. She also stated there was a holiday recently, and to remember that. Completely confused I wrote a request on 9-12-23 at 11:34, AM, asking why I had not received my legal mail that was logged incoming on 9-7-23, and I never received it. On 9-13-23 at 2:05 AM it was replied to by Lt. Atchley. He told me he would e-mail the logging deputy. He obviously send it back down the chain of command, putting no time into finding out why I never got it. I never heard from the logging Deputy either. I asked another officer over the intercom on or around 9-13-23, being told they would look into it. Nothing done again. On 9-15-23 I asked Corporal Rex for it, and it was then sent to me, delivered by DFC Mcgaugh.

(ECF No. 1, p. 6) (errors in original). Plaintiff alleges Claim Two against all Defendants in both their individual and official capacities.

For relief, Plaintiff requests punitive damages only. He argues the widespread practice causing his legal mail to be delayed should be punished. (ECF No. 1, p. 9).

## II.     APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal

3

pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  DISCUSSION

Plaintiff classifies his claims as (1) an overall denial of his right to mail, and (2) criminal mail tampering. The facts Plaintiff has alleged, however, relate only to Plaintiff's legal mail. Accordingly, the Court construes Plaintiff's claims as (1) an access-to-court claim through interference with legal mail, and (2) a criminal mail tampering claim. The facts set forth in Plaintiff's Complaint against Defendants do not support a plausible cause of action for relief under 42 U.S.C. § 1983. *See Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2001) (explaining a plaintiff's claim should be dismissed for failure to state a claim if it appears beyond a doubt the complaint can prove no set of facts to support his purported cause of action).

Inmates have the First Amendment right of free speech to send and receive mail. *Hudson v. Palmer*, 468 U.S. 517, 547 (1984). Although, "[t]he fact of confinement and the needs of the penal institution impose limitations on constitutional rights, including those derived from the First Amendment." *Jones v. North Carolina Prisoners' Labr Union*, 433 U.S. 119, 125 (1977). "Prisoners' First Amendment rights encompass the right to be free from certain interference with mail correspondence . . . ." *Davis v. Norris*, 249 F.3d 800, 801 (8th Cir. 2001). Specifically, "[i]nterference with legal mail implicates a prison inmate's rights to access to the courts and free speech as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution." *Davis v. Goord*, 320 F.3d 346, 350 (2d Cir. 2003). "A prison policy that obstructs privileged inmate mail can violate inmates' right of access to the courts." *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998).

An inmate cannot prevail on an access-to-courts claim unless he can demonstrate he suffered prejudice or actual injury as a result of the prison officials' conduct.  *See Lewis v. Casey*, 518 U.S. 343, 351-52 (1996); *see also Farver v. Vilches*, 155 F.3d 978, 979-80 (8th Cir. 1998) (*per curiam*); *Klinger v. Dep't of Corr.,* 107 F.3d 609, 617 (8th Cir. 1997) (to prevail on access-to-courts claim, inmate must show actual injury or prejudice even if denial of access to library is complete and systematic); *McMaster v. Pung*, 984 F.2d 948, 953 (8th Cir. 1993).  "To prove a violation of the right of meaningful access to the courts, a prisoner must establish the [official] has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim.'"  *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (citations omitted).  The Eighth Circuit applies this injury requirement to pretrial detainees as well as convicted inmates.  *See Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991).

Plaintiff made no factual allegations of injury in his Complaint.  There are no assertions regarding any injury or inability to litigate claims challenging his sentence or his conditions of confinement.  He has, therefore, failed to state a cognizable claim related to the delay of his legal mail in Claim One and Two.

Furthermore, as Plaintiff notes, mail tampering is a federal crime.  *See* 18 U.S.C. § 1708, *et seq*.  As a private citizen, Plaintiff lacks standing to assert criminal charges against the Defendants—whether to lodge criminal charges against Defendants rests solely with prosecutors.  *See Parkhurst v. Tabor*, 569 F.3d 861, 867 (8th Cir. 2009) (explaining that the decision to prosecute "are decisions that generally rest in the prosecutor's discretion").  Additionally, the Eighth Circuit has affirmed that no private right of action exists under the federal mail fraud

statutes. *See Hussein v. Sessions*, Civil No. 16-cv-780-SRN/SER, 2017 WL 1954767, at *5 (D. Minn. May 10, 2017) (holding 18 U.S.C. § 1708, the federal criminal statute for mail fraud, does not give rise to a private right of action), *aff'd* 715 F. App'x 585 (8th Cir. 2018).

Finally, without a cognizable constitutional violation alleged, there can be no official capacity claims against Defendants. *See Morris v. Cradduck*, 954 F.3d 1055, 1060 (8th Cir. 2020); and *Sanders v. City of Minneapolis, Minn.*, 474 F.3d 523, 527 (8th Cir. 2007) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)).

## IV.    CONCLUSION

For these reasons, it is recommended that Plaintiff's Complaint be dismissed without prejudice for failure to state a claim under 28 U.S.C. § 1915A(b)(1).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of December 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE